**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LAURA GILMORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-CV-48 |
| | § | |
| SUSAN SULLIVAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT SUSAN SULLIVAN'S MOTION TO DISMISS

The following are pending before the court:

1.   Defendant Susan Sullivan's motion to dismiss and alternative motion to transfer venue (docket entry #5);

2.   Plaintiff's response to Defendant Susan Sullivan's motion to dismiss and alternative motion to transfer venue (docket entry #9);

3.   Defendant Susan Sullivan's reply to Plaintiff's response to motion to dismiss and alternative motion to transfer venue (docket entry #10); and

4.   Defendant Susan Sullivan's supplemental brief in support of motion to dismiss and alternative motion to transfer venue (docket entry #18).

Having considered the Defendant's motions and the responsive briefing thereto, the court finds that

the Defendant's motion to dismiss should be granted.

## BACKGROUND

On January 11, 2008, the Plaintiff filed the instant action for removal of co-trustee in the

380th Judicial District Court of Collin County, Texas. According to the Plaintiff's original petition,

Rita J. Weimer, the Plaintiff's mother, executed a Living Trust Agreement on December 24, 1987.

Ms. Weimer was the sole trustee of the trust during her lifetime. Upon Ms. Weimer's death on April 30, 2007, the Plaintiff and the Defendant (Ms. Weimer's daughter-in-law) became co-trustees of the trust. The Plaintiff seeks to remove the Defendant as a co-trustee due to the Defendant's alleged gross misconduct and mismanagement of the trust.

On February 11, 2008, the Defendant removed the lawsuit to this court and then subsequently filed the pending motion to dismiss and alternative motion to transfer venue on February 20, 2008. The Defendant argues that this case should either be dismissed or transferred to Kansas because (1) this court lacks personal jurisdiction over the Defendant, (2) the Eastern District of Texas is neither a proper nor convenient venue for this dispute, and (3) pursuant to the first-filed rule, a lawsuit involving the same issues and parties as this lawsuit (but initiated by the Defendant herein) was filed in the District Court of Cherokee County, Kansas on December 27, 2007.[1]

## DISCUSSION AND ANALYSIS

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citations omitted). "The 'first to file' rule is grounded in principles of comity and sound judicial administration." *Id*. "'The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Id*. (citations omitted). "This concern applies where related cases are pending before two judges in the same district [ ] as well as where related cases have been filed in

[1]The Plaintiff herein, who is the Defendant in the Kansas lawsuit, filed a motion to dismiss for lack of personal jurisdiction in the Kansas action.

different districts." *Id*. (citation omitted). The first filed rule does not require the parallel cases to be identical; rather, the cases must substantially overlap. *Id*.

Interestingly, neither the Plaintiff nor the Defendant advised the court that the "first to file" rule might not be applicable herein. In the only Fifth Circuit opinion on point, that court, in an unpublished opinion, found as follows:

> We find no indication from case law that the "first-to-file" rule plays a part in the circumstance that we face today – two actions pending, but one is in *state* court and the other in *federal* court. As [the Plaintiff-Appellant] correctly points out in its reply brief, the "first-to-file" rule applies only when two similar actions are pending in two *federal* courts, . . .

*American Bankers Life Assurance Co. of Florida v. Overton*, 128 Fed.Appx. 399, 403, 2005 WL 943522, *3 (5th Cir. 2005) (internal footnote omitted). Although the court is presented with two actions, one pending in state court and the other in federal court, the court is not required to resolve whether the first filed rule is applicable to this case at this juncture. It appears to the court that the Plaintiff has failed to fully oppose the Defendant's motion to dismiss.

In her original motion to dismiss under the first filed rule, the Defendant argued that the two parallel cases substantially overlapped and that if both cases were permitted to proceed, the parties could be subjected to duplicative and, possibly, inconsistent rulings. In response, the Plaintiff argued that the two cases did not substantially overlap. Additionally, the Plaintiff argued that the Kansas state court did not have personal jurisdiction over her. As such, the Plaintiff requested that the court either deny the Defendant's motion to dismiss under the first filed rule or, alternatively, stay its decision concerning the motion to dismiss until such time that the Kansas court ruled on her pending jurisdictional motion to dismiss.

Thereafter, in her supplemental brief in support of her motion to dismiss under the first filed

rule, the Defendant advised the court that the Kansas court subsequently denied the Plaintiff's motion to dismiss for lack of personal jurisdiction, finding that it did have personal jurisdiction over the Plaintiff. The Defendant argued that since the Plaintiff's argument in opposition to the motion to dismiss under the first filed ruled was predicated on the presumption that the Kansas court lacked personal jurisdiction and since that argument is now moot, the Defendant's motion to dismiss should be granted. The Plaintiff did not file a response to the Defendant's supplemental argument. "In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." Local Rule CV-7(d). Since the Plaintiff failed to oppose the Defendant's supplemental briefing, the court will assume that the Plaintiff now has no opposition to the Defendant's motion.[2]

---

[2]If the first filed rule is applicable herein, the court finds that the parallel lawsuits substantially overlap. In her petition in the instant action, the Plaintiff has alleged the following:

> 4.8    Susan has violated her duties as a Co-Trustee of the Living Trust and/or the Weimer Trust for Laura. Susan has failed and refused to take necessary and appropriate actions to properly administer the Living Trust and/or the Weimer Trust for Laura and has prevented Laura from being able to do so. Susan has refused to divide the trust assets of the Living Trust as required by the Trust Agreement, to pay proper trust expenses, to properly invest trust assets, to make funds available for payment of trust expenses, to make distributions to Laura, and to assist Laura in managing and administering the Living Trust and/or Weimer Trust for Laura. Susan's actions, and failure to act, have prevented the orderly and proper administration of the Living Trust and/or the Weimer Trust for Laura and have damaged the trusts.

Based on the foregoing, the Plaintiff seeks to have the Defendant removed as the co-trustee.

> Similarly, in the Kansas lawsuit, the Defendant herein seeks the following:

> . . . the Plaintiff requests that the Court issue an Order requiring the Co-Trustees to make distributions from the respective trusts for the purpose of equalizing the beginning trusts balances as required by the Trust document.

> . . . Petitioner requests . . . that this Court interpret the Rita J. Weimer Living Trust, set dates for accomplishing all necessary actions by the Trustees, require an accounting of all current funds, require annual accountings by trustees and set method for the same,

Accordingly, since the Plaintiff no longer appears to oppose the Defendant's motion to dismiss once the Kansas court assumed jurisdiction, the court finds that the Defendant's motion to dismiss should be granted. The Plaintiff may raise her instant claims in the Kansas lawsuit. Based on the foregoing, it is not necessary for the court to reach the Defendant's remaining arguments.

**CONCLUSION**

It is hereby **ORDERED** that Defendant Susan Sullivan's motion to dismiss (docket entry #5) and Defendant Susan Sullivan's supplemental brief in support of motion to dismiss (docket entry #18) are **GRANTED**.

IT IS SO ORDERED.

**SIGNED this the 24th day of September, 2008.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

that an emergency hearing be scheduled to accomplish the same.

Def. Mtn. to Dismiss, Exh. A-3. For principles of comity and sound judicial administration, it follows that the Kansas court should resolve these parallel lawsuits that substantially overlap.