IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| LAURA GILMORE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-cv-48 |
| | § | |
| SUSAN SULLIVAN, | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES

Before the court are the following:

1. Defendant's Motion for Award of Attorneys' Fees (de #23);

2. Plaintiff's Response to Defendant's Motion for Award of Attorneys' Fees (de #27); and

3. Defendant's Reply to Plaintiff's Response to Motion for Award of Attorneys' Fees (de #28).

Having considered the Motion, the responsive briefing, and the relevant legal principles, the court is of the opinion that the Defendant's Motion for Award of Attorneys' Fees should be DENIED.

## I. BACKGROUND

On January 11, 2008, the Plaintiff filed the instant action for removal of co-trustee in the 380th Judicial District Court of Collin County, Texas. Prior to the Plaintiff filing the instant lawsuit, the Defendant filed a related lawsuit in the District Court of Cherokee County, Kansas on December 27, 2007. The Plaintiff herein, who is the Defendant in the Kansas lawsuit, filed a motion to dismiss for lack of personal jurisdiction in the Kansas action. The Kansas court subsequently denied the Plaintiff's motion to dismiss for lack of personal jurisdiction, finding that it did have personal

jurisdiction over the Plaintiff. On February 11, 2008, the Defendant removed this lawsuit to this court and then subsequently filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(2), FED. R. CIV. P. 12(b)(3), and the first-filed rule. Although the Plaintiff filed a response to the Defendant's motion to dismiss, the Plaintiff failed to file a response to the Defendant's supplemental brief in support of her motion to dismiss. In her supplemental brief, the Defendant contended that the Plaintiff's argument in opposition to the motion to dismiss under the first-filed rule was predicated on the presumption that the Kansas court lacked personal jurisdiction. However, since that argument became moot in light of the Kansas state court's ruling on the issue of personal jurisdiction, the Defendant argued that her motion to dismiss should be granted. Accordingly, pursuant to Local Rule CV-7(d), the court presumed that the Plaintiff was not opposed to the Defendant's motion and granted the Defendant's motion to dismiss. The court made no findings as to the Defendant's FED. R. CIV. P. 12(b)(2), FED. R. CIV. P. 12(b)(3), or the first-filed rule motions. Thereafter, the Defendant filed the instant application for attorneys' fees totaling $15,307.00 and expenses totaling $854.32 (research – $438.19; courier fees – $174.80; copies – $39.48; telephone/fax – $166.20; and miscellaneous – $35.65) pursuant to § 114.064 of the Texas Property Code. (de #23.)

## II. DISCUSSION & ANALYSIS

The Texas Property Code provides: "In any proceeding under this code the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just." TEX. PROP. CODE ANN. § 114.064 (Vernon 2009). The undersigned judge has already noted that under § 114.064, "[w]hether to award costs and attorney's fees is within the sound discretion of the court." *Texarkana Nat'l Bank v. Brown*, 920 F. Supp. 706, 707 (E.D. Tex. 1996) (citation omitted).

As noted above, the court granted the Defendant's motion to dismiss. The court, however,

made no substantive findings when reaching that decision. Therefore, the court finds that the Defendant is not entitled to recover attorneys' fees at this time because the court granted the motion to dismiss based solely on Local Rule CV-7(d).[1]

Further, "the calculation of attorneys' fees involves a well-established process." *Jason D.W. v. Houston Independent School Dist.*, 158 F.3d 205, 208 (5th Cir. 1998) (citation omitted). First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999). The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, in assessing the "lodestar" amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id*.

The *Johnson* factors are:

(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n. 23, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

After considering the twelve *Johnson* factors, the court may adjust the "lodestar" upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be

---

[1] Although this court is denying the Defendant's motion for attorneys' fees, the Defendant may pursue her request for attorneys' fees in the Kansas state court action. The same is applicable to the Plaintiff's contingent request for an award of attorneys' fees.

excessive." *Verginia McC v. Corrigan-Camden Independent School District*, 909 F.Supp. 1023, 1032 (E.D. Tex. 1995) (Heartfield, J.). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained." *Giles v. General Electric Co.*, 245 F.3d 474, 491 n. 31 (5th Cir. 2001), quoting *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *Verginia McC*, 909 F.Supp. at 1032, quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941.

Here, however, the Defendant failed to engage in the above-referenced analysis. While the Defendant's counsel averred that her billable rate of $240 per hour and the $400 per hour billable rate of the partner attorney working on the case was the "usual, customary, and reasonable fee for their legal services", counsel failed to provide the court with any information regarding the prevailing hourly rate in her community for similar work.[2] Additionally, counsel did not provide the court with an analysis of the *Johnson* factors. As such, the Defendant's application for attorney's fees and expenses should be denied.[3]

### III. CONCLUSION

Based on the forgoing, the court is of the opinion that Susan Sullivan is not entitled to an award of attorneys' fees or expenses and, therefore, the Defendant's Motion for Award of Attorneys' Fees (de #23) should be, and hereby is, **DENIED**.

---

[2]The court does not suggest that counsel's hourly rate is unreasonable.

[3]The Plaintiff, likewise, failed to provide the court with a complete analysis of the *Johnson* factors.

IT IS SO ORDERED.

**SIGNED this the 24th day of August, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE